UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY KEITH McCORKLE,

Petitioner,

v.

SPEARMAN,

Respondent.

No. 2:16-cv-2368-JAM-EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the action as partially unexhausted. ECF No. 13. For the following reasons, the motion must be denied.

**I.  Background**

Petitioner was convicted in California state court of burglary, car theft, and other crimes and sentenced to in excess of 40-years-to-life due, in part, to the application of California's Three Strikes Law. ECF No. 21 at 2. He appealed his conviction and sentence in the California Court of Appeals and then sought review in the California Supreme Court, which was denied. Docs. Lodged ISO Mot. to Dismiss (hereinafter "Lod. Doc.") Nos. 2-4. In his petition for review in the California Supreme Court, petitioner argued that (1) there was insufficient evidence to support the conviction of burglary; (2) the trial court erroneously gave a particular jury instruction; and (3) the trial court erroneously refused to strike a prior conviction. Lod. Doc. No. 3. Petitioner did not file any state habeas petitions to challenge the conviction or sentence.

In the instant petition, petitioner raises the same three claims he raised in state court. ECF No. 1. However, the original petition also included a fourth claim – that the trial court erroneously failed to stay counts three and four under California Penal Code § 654. *Id.*

## II.     The Motion to Dismiss

Respondent argues that the petition should be dismissed because it contains an unexhausted claim. ECF No. 13. A petitioner who is in state custody and wishes to challenge his conviction in federal court through a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is designed to afford comity to state courts by giving them the first opportunity to correct the state's allegedly unconstitutional conduct. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal bases. *Duncan*, 513 U.S. at 365; *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner has not opposed the motion to dismiss. Neither has he contested the assertion that he did not exhaust his claim regarding a staying of counts under California Penal Code § 654. Instead, he has filed an amended petition that does not include that claim. ECF No. 21. As petitioner has removed the unexhausted claim from the petition and respondent does not contend that the remaining claims were not exhausted, the motion to dismiss for failure to exhaust should be denied and respondent should be directed to respond to the amended petition.

## III.     Conclusion and Recommendation

Petitioner has filed an amended petition that contains only his exhausted claims.

/////

/////

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's December 6, 2016 motion to dismiss for failure to exhaust (ECF No. 13) be denied;
2. Respondent be directed to file and serve either an answer or a motion in response to petitioner's amended petition (ECF No. 21) within 60 days from the date of this order. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application;
3. Petitioner be directed to file and serve his reply, if any, to respondent's answer within 30 days of service of the answer; and
4. If the response to petitioner's amended petition is a motion, petitioner be directed to file an opposition or statement of non-opposition within 30 days of service of the motion, and respondent be directed to file his reply, if any, within 14 days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE